**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA GUADALUPE RODRIGUEZ MOSQUEDA; ALEXA VIANNEY AGUILAR RODRIGUEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72728 <br><br> Agency Nos.   A209-163-940 <br>                      A209-163-941 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Maria Guadalupe Rodriguez Mosqueda and her daughter, Alexa Vianney Aguilar Rodriguez, petition for review of the Board of Immigration Appeals's ("BIA") dismissal of their appeal from an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture. In Mexico, Rodriguez witnessed the shooting of two of her cousins, though she did not see the shooter's face. A week later, she received threatening text messages from someone who claimed to be the shooter. Neither she nor her daughter was further harmed.

The IJ denied Rodriguez's applications for asylum and withholding of removal because she had not established that she had experienced past persecution in Mexico. Further, Rodriguez had not demonstrated "an objective, well-founded fear of future persecution" because the asserted threat of future persecution did not extend to all locations in Mexico, and because most of her family members continue to reside safely in Mexico.

The BIA dismissed Rodriguez's appeal by "adopt[ing] and affirm[ing]" the IJ's decision. It agreed that Rodriguez could reasonably relocate to another area of Mexico. It also found that any error committed by the IJ in not asking Rodriguez to designate the proposed particular social group she claimed membership in was "harmless."

We have jurisdiction to review Rodriguez's petition for review under 8 U.S.C. § 1252(a)(1).

To be eligible for asylum, a petitioner "must demonstrate that she 'is unable or unwilling' to return to [her country of nationality] 'because of persecution or a well-founded fear of persecution'" on account of a statutorily protected ground. *Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "If a petitioner demonstrates that she has suffered past persecution, 'then fear of future persecution is presumed.'" *Id.* (quoting *Deloso v. Ashcroft*, 393 F.3d 858, 863 (9th Cir. 2005)).

The IJ's finding that Rodriguez did not establish past persecution is supported by substantial evidence. Rodriguez and her daughter were not harmed in Mexico. As evidence of past persecution, Rodriguez introduced the threatening text messages she received from her cousin's shooter. However, "[o]ur court generally treats unfulfilled threats, without more, as within that category of conduct indicative of a danger of future persecution, *rather than as past persecution itself.*" *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (emphasis added); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (limiting cases where death threats alone can constitute persecution to "a small category of cases").

3

In the absence of a presumption of fear of future persecution, an applicant for asylum "must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively reasonable possibility of persecution upon return to the country in question." *Duran-Rodriguez*, 918 F.3d at 1029 (internal quotation marks omitted). But an applicant "does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . [and] under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii).

Rodriguez does not challenge in this court the BIA's finding that she can relocate within Mexico. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that issues not addressed in a petitioner's opening brief are waived); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). Even if a challenge to the reasonable relocation finding were not waived, we would conclude that the finding is supported by substantial evidence. "An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident." *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).

4

Almost the entirety of Rodriguez's family continues to reside safely in Mexico.

The BIA's finding on Rodriguez's withholding of removal application is supported by substantial evidence for the same reason. S*ee* 8 C.F.R. § 1208.16(b)(2), (b)(3) (requiring proof that reasonable relocation is not possible for successful withholding of removal application).

Rodriguez does not challenge in this court the BIA's ruling on her application for protection under CAT, waiving the issue. *See Martinez-Serrano*, 94 F.3d at 1259; *Greenwood*, 28 F.3d at 977.

**PETITION DENIED**.